Electronically Filed
Intermediate Court of Appeals
CAAP-16-0000395
21-JUN-2017
08:28 AM

NO. CAAP-16-0000395

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee, v.
REY CEON, Defendant-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CR. NO. 14-1-0472)

SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., Fujise and Leonard, JJ.)

Defendant-Appellant Rey Ceon (Ceon) appeals from the April 20, 2016 Judgment of Conviction and Probation Sentence entered by the Circuit Court of the First Circuit (Circuit Court).[1] A jury found Ceon guilty of three (3) counts of Sexual Assault in the Third Degree (SA3), all violations of Hawaii Revised Statutes (HRS) § 707-732(1)(c) (2014).[2] For each count,

---

[1] The Honorable Glenn J. Kim presided.

[2] In Count 1, Ceon was charged with Sexual Assault in the First Degree, but the jury found him guilty of the lesser included offense of Sexual Assault in the Third Degree. HRS § 707-732(1) provides, in relevant part:

**Sexual assault in the third degree.** (1) A person commits the offense of sexual assault in the third degree if:

. . . .

(c)     The person knowingly engages in sexual contact with a person who is at least fourteen years old but less than sixteen years old or causes the minor to have sexual contact with the person; provided that:

(i)     The person is not less than five years older than the minor; and

(continued...)

Ceon was sentenced to five (5) years of probation with special conditions, including one (1) year of imprisonment, all terms to run concurrently.

On appeal, Ceon contends the Circuit Court erred in instructing the jury in three respects, by: (1) improperly commenting on the evidence; (2) failing to give the definition of the "knowingly" state of mind; and (3) failing to instruct the jury with accurate, adequate, and correct instructions on the knowing state of mind as applied to the elements.

After reviewing the record on appeal and the relevant legal authorities, and giving due consideration to the issues raised and arguments made by the parties, we resolve Ceon's point of error as follows and affirm.

> When jury instructions or the omission thereof are at issue on appeal, the standard of review is whether, when read and considered as a whole, the instructions given are prejudicially insufficient, erroneous, inconsistent, or misleading. Erroneous instructions are presumptively harmful and are a ground for reversal unless it affirmatively appears from the record as a whole that the error was not prejudicial. [However,] error is not to be viewed in isolation and considered purely in the abstract. It must be examined in the light of the entire proceedings and given the effect which the whole record shows it to be entitled. In that context, the real question becomes whether there is

---

[2](...continued)

> (ii) The person is not legally married to the minor;

HRS § 702-206 (2014), provides, in relevant part:

**Definitions of states of mind.**

> . . . .

> (2) "Knowingly."

> (a) A person acts knowingly with respect to his conduct when he is aware that his conduct is of that nature.

> (b) A person acts knowingly with respect to attendant circumstances when he is aware that such circumstances exist.

HRS § 707-700 (2014) (modified 2016), then extant, provides in relevant part:

> "Sexual contact" means any touching, other than acts of "sexual penetration", of the sexual or other intimate parts of another, or of the sexual or other intimate parts of the actor by another, whether directly or through the clothing or other material intended to cover the sexual or other intimate parts.

a reasonable possibility that error may have contributed to conviction. If there is such a reasonable possibility in a criminal case, then the error is not harmless beyond a reasonable doubt, and the judgment of conviction on which it may have been based must be set aside.

State v. Gonsalves, 108 Hawai'i 289, 292-93, 119 P.3d 597, 600-01 (2005) (citations and brackets omitted, block format altered) quoted with approval in State v. Bovee, SCWC-14-0001047, 2017 WL 2189750, sl. op. at 14 (May 18, 2017).

Ceon contends that the Circuit Court improperly commented on the evidence in its instructions to the jury. The third and fourth elements of each charged count and the lesser included offense instructions for sexual assault in the third degree provided that "the prosecution must prove beyond a reasonable doubt . . . 3. That the Defendant was not less than five years older than [the complainant] at that time, and he was aware of that fact; and 4. That the Defendant was not legally married to [the complainant] at that time, and he was aware of that fact." Ceon argues that, although he stipulated to his age during the charged period, he did not stipulate to these elements as facts and therefore these instructions constituted improper comments on the evidence in violation of Hawaii Rules of Evidence (HRE) Rule 1102.[3] We disagree.

First, as the jury was also instructed, a single word or phrase in an instruction cannot be taken in isolation. In any event, the instructions' language does not lend itself to Ceon's suggested reading. Logically, the jury would have to decide whether the prosecution proved the element--the age differential or marital status, respectively--before it decided whether Ceon had the requisite intent with regard to that element. That being the case, the jury would necessarily have already determined that the age differential or the marital status *was* a fact before it decided whether Ceon "was aware of that fact."

Second, instructions must be read as a whole. The jurors were told more than once, in other instructions, that they were the *exclusive* judges of the facts. When read together, the

_____

[3] HRE Rule 1102 provides, in pertinent part, that, "[t]he court shall instruct the jury regarding the law applicable to the facts of the case, but shall not comment upon the evidence."

instructions conveyed that it was the jury whose responsibility it was to determine what facts had been proved.

Finally, the evidence in support of these elements was uncontradicted. Ceon stipulated to his age at the time of the offense and, while not stipulated to, Ceon did not dispute that he was more than five years the complainant's senior or that she was unmarried during the period in question. Therefore, we are confident that the alleged error could not have contributed to the convictions. Gonsalves, 108 Hawai'i at 292-93, 119 P.3d at 600-01.

Next, we address Ceon's argument that the Circuit Court was required to separately define the knowing state of mind for the jury and that its incorporation of the definition with the statement of the elements of the respective offenses was error. The knowing state of mind is defined as being aware that the actor's conduct is of that nature or that attendant circumstances exist. HRS § 702-206(2)(a) and (b).

All the contested instructions ended the conduct element by stating, after describing the conduct, "and he was aware that he was doing so at the time" thus making it clear what the jury must find Ceon was aware of. Contrary to Ceon's argument, a fair reading of the language of these instructions does not lend itself to the possible interpretation by the jury that it could find him guilty for "accidental contact with an intimate part."

Similarly, when used in the context of the attendant circumstances elements, all the instructions stated that "he was aware of that fact," referring back to the attendant circumstance stated at the start of that element. This is consistent with the application of the state of mind to attendant circumstances, that the person be aware that they exist. HRS § 702-206(2)(b).[4]

---

[4]     For purposes of this appeal, we assume without deciding that the knowing mental state applies to the attendant circumstance that the defendant was not less than five years older than the complainant. The supreme court has previously concluded that the knowing mental state applies to the attendant circumstance that the defendant was not legally married to the complainant. See State v. Arceo, 84 Hawai'i 1, 15, 928 P.2d 843, 857 (1996). The supreme court has also concluded that there is no state of mind requirement with respect to the attendant circumstance of the complainant's

(continued...)

The Hawai'i Supreme Court's recent decision in State v. Bovee, *supra*, is not to the contrary. There, the court was faced with a formulation of the element instruction that inaccurately stated that the offense was composed of only one element when it contained two, namely the conduct element of distribution of an object and the attendant circumstance that the object distributed was methamphetamine in any amount. As these two elements of the offense were blended into a single element, to which the state of mind language applied without differentiation, the supreme court held that the trial court did not clearly instruct jury that the state of mind applied to both elements. Here, it is undisputed that the SA3 offense has four elements and that the jury was instructed that it must decide that Ceon was aware of each element, except for the element of the complainant's age for which the supreme court has clearly held that no state of mind is required. See State v. Buch, 83 Hawai'i 308, 316, 926 P.2d 599, 607 (1996).

As the elements instructions adequately conveyed the state of mind appropriate to each element, we conclude it was unnecessary for a separate instruction on the definition of the knowing state of mind to have been given.

Based on the foregoing, the April 20, 2016 Judgment of Conviction and Probation Sentence entered by the Circuit Court of the First Circuit is affirmed.

DATED: Honolulu, Hawai'i, June 21, 2017.

On the briefs:

Taryn R. Tomasa,
Deputy Public Defender,
for Defendant-Appellant.

Donn Fudo,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellee.

*Craig H. Nakamura*
Chief Judge

*[signature]*
Associate Judge

*[signature]*
Associate Judge

---

⁴(...continued)
age. See State v. Buch, 83 Hawai'i 308, 316, 926 P.2d 599, 607 (1996) ("[A] defendant is strictly liable with respect to the attendant circumstance of the victim's age in a sexual assault.").